FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 28 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TIMOTHY HAMPTON,

                Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE
STEVE LAFORTUNE [TAX REG. # 928609],
JOHN DOE and JANE DOE,

                Defendants.
-----------------------------------------------------------X

Case No.

**COMPLAINT**

**11 2084**

JURY DEMAND

VITALIANO, J.

GOLD, M.J.

Plaintiff, TIMOTHY HAMPTON, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective Steve Lafortune [Tax Reg. # 928609], John Doe and Jane Doe, respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. At all relevant times, defendants Detective Steve Lafortune [Tax Reg. # 928609], John Doe and Jane Doe (hereinafter "defendant officers") were and still are, upon information and belief, agents and/or officers employed by defendant City of New York.

6. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and/ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8. Plaintiff is suing the defendant officers in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about August 6, 2010, at approximately 2:00 p.m., defendant officers assigned to the NYPD-83rd Precinct, acting in concert, arrested the plaintiff at or within the vicinity of Bushwick Avenue, Brooklyn, New York, and charged plaintiff with PL 220.03 'Criminal possession of a controlled substance in the seventh degree'.

10. Plaintiff, however, was not in possession of any controlled substance, and did not commit any offense against the laws of New York City and/or State for which the arrest may be lawfully made.

11. Plaintiff, who has been diagnosed with multiple serious medical problems, had with him at the time medications prescribed by his treating physicians.

12. Even though plaintiff duly informed defendant officers that the medications were prescribed by his treating physicians, defendant officers still persisted in their wrongful conduct.

13. Defendant officers proceeded to perform an illegal bodily search of the plaintiff, and eventually ceased plaintiff's medications.

14. Prior to the search, plaintiff and his friends were pulled over without cause or reason by defendant officers with their weapons drawn. After pulling them over, defendant officers, who were about twelve (12) or more in number, continued to harass plaintiff and his friends and repeatedly asked plaintiff and his friends to show them the guns and drugs.

15. After arresting the innocent plaintiff, defendant officers tightly handcuffed plaintiff with his hands placed behind his back.

16. Even though plaintiff complained that the handcuffs were cutting deep into his skin causing him to experience severe pain on his arms and shoulders, and requested defendant officers to loosen the handcuffs, defendant officers refused to loosen the handcuffs. As a result, plaintiff sustained serious injuries to his wrists.

17. Additionally, even though plaintiff pleaded with defendant officers not to place him in their police vehicle as he would not be able to rest his injured legs and back, defendant officers ignored plaintiff's entreaties and forcefully grabbed and placed plaintiff in their police vehicle.

18. As defendant officers were transporting plaintiff to the precinct for arrest processing, plaintiff's health condition began to deteriorate.

19. Despite plaintiff's worsening health condition, defendant officers denied plaintiff access to his medications and/or medical treatment, and still transported plaintiff to the precinct for arrest processing.

20. As plaintiff's health condition worsened, defendant officers were forced to transport plaintiff to an emergency room with his hands handcuffed at all times relevant.

21. Eventually, after several hours at the hospital, defendant officers issued a desk appearance ticket to plaintiff requiring plaintiff to appear at the criminal court to defend the false charges levied against him.

22. On or about October 27, 2010, the false charges levied against plaintiff were summarily dismissed.

23. As a result of the aforesaid actions by the defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

## FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

24. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 23 of this complaint as though fully set forth herein.

25. The conduct of defendant officers, as described herein, amounted to false arrest, excessive use of force, illegal search and seizure, fabrication of evidence, violation of right to a fair trial, denial of due process rights and malicious prosecution.

26. The defendants denied plaintiff treatment needed to remedy his serious medical condition and did so because of their deliberate indifference to plaintiff's need for medical treatment and care.

27. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

28. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SECOND CAUSE OF ACTION: FAILURE TO TRAIN AND MUNICIPAL POLICY

29. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 28 of this complaint as though fully set forth herein.

30. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in the use of force, provision of medical treatment to detainees, conducting investigations, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exits for such arrest.

31. Additionally, defendant City of New York, acting through District Attorney Charles J. Hynes and the Office of the District Attorney of the County of Kings, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, initiating criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

32. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts, and from a January 2006 statement by Deputy Commissioner Paul J. Browne that police commanders are permitted to set "productivity goals" (i.e., arrest quotas). *See Colon v. City of New York*, 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009). *See also* the following cases filed in this district: *Reginald Simms v. City of New York* (10 CV 3718, 10 CV 3420); *Javier Jones v. City of New York* (10 CV 3719); *Edward Ogunmoyin v. City of New York* (10 CV 1060); *John McLean v. City of New York* (10 CV 631).

33. That the issue of arrest quotas has been recently decided and/or it has been conclusively determined that officers of the New York Police Department

are permitted, as a policy and/or practice, to use quotas to make arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

34. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers, Assistant District Attorneys and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

35. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process and the right to due process.

36. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

37. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 36 of this complaint as though fully set forth herein.

38. In an effort to find fault to use against the plaintiff, defendant officers conspired among themselves, and conspired with other individuals to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

39. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiff of his constitutional and federal rights in violation of 42 U.S.C. § 1985.

40. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## FOURTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 11 & 12

41. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 40 of this complaint as though fully set forth herein.

42. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting plaintiff and depriving him of equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

43. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

44. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 11 & 12 of the New York Constitution.

45. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

### FIFTH CAUSE OF ACTION: ASSAULT AND BATTERY

46. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 43 of this complaint as though fully set forth herein.

47. The conduct of defendant officers, as described herein, amounted to assault and battery.

48. By reason of and as a consequence of the assault, plaintiff was caused to sustain serious, severe, permanent and protracted injuries, so that plaintiff became sick, sore, lame and disabled, required, and still requires, medical attention and treatment, suffered internal and external injuries, some of which would be permanent, and plaintiff became disabled and is still partially restricted in his normal activities.

49. By reason of the foregoing, plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, and plaintiff will be unable to pursue his usual duties with the same degree and efficiency as he was able to prior to the assault described herein.

50. Upon information and belief, defendant City of New York had sufficiently specific knowledge or notice of defendant officers' propensity for violence and that their acts could reasonably have been anticipated. However, defendant City of New York failed to take any appropriate actions to assure plaintiff's safety and security and failed to protect and/or safeguard plaintiff's interests.

51. That defendant City of New York's failure to assure plaintiff's safety and security was a proximate cause of plaintiff's injuries.

### SIXTH CAUSE OF ACTION: NEGLIGENT & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 51 of this complaint as though fully set forth herein.

53. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

54. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the assault, detention and imprisonment by defendants.

55. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SEVENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES

56. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 55 of this complaint as though fully set forth herein.

57. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

58. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

59. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

60. Upon information and belief, defendant City of New York's negligence in hiring and retaining the defendants proximately caused plaintiff's injuries.

61. Upon information and belief, because of defendant City of New York's negligent hiring and retention of defendant officers, plaintiff incurred and sustained significant and lasting injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
April 28, 2011

UGO UZOH, P.C.

By: _____
Ugochukwu Uzoh (UU-9076)
Attorney for Plaintiff
304 Livingston Street, Suite 2R
Brooklyn, New York 11217
(718) 874-6045

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

TIMOTHY HAMPTON,

                                                                                           Plaintiff,

against

THE CITY OF NEW YORK, DETECTIVE STEVE LAFORTUNE [TAX REG. # 928609], JOHN DOE and JANE DOE,

                                                                                          Defendants.

---

**SUMMONS & COMPLAINT**
**DEMANDS TRIAL BY JURY**

---

**LAW OFFICES OF UGO UZOR, P.C.**
304 LIVINGSTON STREET, SUITE 2R, BROOKLYN, NY 11217
TELEPHONE: (718) 874-6045; FACSIMILE: (718) 576-2685
EMAIL: u.ugochukwu@yahoo.com

---

To:


Defendant(s)/Attorney(s) For Defendant(s).

---

        Service of a copy of the within is hereby admitted

                Dated:_____

                Attorney(s) For:_____